## BAILEY *vs.* FILLEBROWN.

Where a farm was leased at will, with an agreement that the hay, deposited in the barn, should remain the property of the lessor, or be held by him as security till the rent should be paid; but no actual delivery of it was made to the lessor; the hay was held liable to attachment for the debts of the tenant.

THIS was an action of trespass, for taking and carrying away fifteen tons of the plaintiff's hay. It appeared that the plaintiff, by his agent, *Otis Briggs*, had made an agreement in *April* 1828, with one *Waterman*, for the use and occupation of the plaintiff's farm in *Waterville* college township, by which *Waterman* was to have the use and improvement of the farm for one year certainly, and, if the plaintiff should agree to it, for the term of five years ; for the rent of seventy two dollars per annum ; and was to cut the hay and put it into the barn upon the farm, there to remain the property of the plaintiff, till the rent should be paid. A memorandum of the agreement was made, of the following tenor :—" No. 3, Old Indian Purchase, *April* 11, 1828. Having this day made an agreement with *Otis Briggs*, agent of *Calvin Bailey*, for the *Web-*

*ster* place, so called, and not having time to execute a formal lease, I hereby agree that all the hay that may be cut on said farm shall be holden by said agent, as security, till payment of the rent, seventy two dollars per year shall be paid. (Signed) *Thomas Waterman.*" The hay cut in 1828 was accordingly put into the barn as agreed; and in *August* of that year it was seised by the defendant, by virtue of an execution in his hands against *Waterman.* The agent of the plaintiff testified that he had never been upon the farm since making the agreement, till after the hay was taken in execution and advertised for sale; nor had he taken possession of the hay before that time; but on the day of sale he went to the barn, and wrote a caution on the advertisements of the officer, forbidding the sale, the hay being the property of the plaintiff; but *Waterman* was not present to make any formal delivery of the hay. He also testified that he should not have let the farm to *Waterman* without some security for the rent, he being a man of no property.

Upon the evidence adduced, of which the foregoing is all that is material to the case in the view of it subsequently taken, *Parris J.* ordered a nonsuit, subject to the opinion of the court upon the question whether such possession and right to the hay was disclosed as entitled the plaintiff to maintain the action.

*Brown*, for the plaintiff, argued that it was a tenancy at will in *Waterman*, whose possession was that of the lessor. *Starr v. Jackson*, 11 *Mass.* 119. The writing was a mere pledge of the hay, which was never out of the lessor's control. The grass was part of the freehold, growing without labor; 2 *Salk.* 160; 1. *Cruises*, *Dig.* 268; it was not included in the meaning of emblements, which go to the executor; *Co. Lit.* 55, 56, 116; and it was delivered at the place named in the contract, which was a sufficient delivery to the party, though he was not present. *Atkins v. Barwick*, 1 *Stra.* 165; *Yelv.* 164. All was done which the nature of the case would admit, to give actual possession of the hay to the lessor. *Beaumont v. Crane*, 14 *Mass.* 400.

*Kent*, for the defendant, cited *Butterfield v. Baker*, 5 *Pick.* 522; *Waite, appellant*, 7 *Pick.* 100; *Stewart v. Doughty*, 9

*Johns.* 108 ; *Smith v. Putnam, 3 Pick.* 221 ; *Lickbarrow v. Mason,* 6 *East.* 27 ; *Heywood v. Warren,* 4 *Campb.* 291 ; *Parks v. Hall,* 2 *Pick.* 212.

MELLEN C. J. delivered the opinion of the Court.

The lease to *Waterman* was a lease at will; but it does not appear that it has been determined by either party. According to the written .promise or agreement of *Waterman,* all the hay that might be cut on the farm was to be held by *Otis Briggs,* the agent of the plaintiff, as security, till payment of the seventy two dollars rent *per* year should be made. The hay was put into the barn on the farm, but no possession was ever taken of it by said *Briggs* ; though, after the defendant had seised it by virtue of an execution against *Waterman,* he went to the barn and left notice to the defendant not to sell the hay. The case of *Butterfield v. Baker,* cited by the counsel for the defendant, is almost exactly like the one before us ; and the decision seems to rest on sound and well settled principles. The hay when made and placed in the barn, was the tenant's hay, and remained in his possession till seised on execution. The plaintiff should have protected the intended lien for his security, by holding possession. Unless these principles are applied in such cases as these it will be in the power of a tenant, by making such an arrangement as was made by the plaintiff and *Waterman,* to secure to himself the complete control and enjoyment of the fruits of his labor and the produce of the farm he may occupy, without being compellable to appropriate any portion thereof to the payment of his debts. This is a consideration that should not be disregarded. We think the case must be decided on the same principles as though the lease had been in writing for a limited time. Our opinion is that on the facts before us, the action is not maintainable. The nonsuit is confirmed.

*Judgment for defendant.*

*Weston J.* being related to the defendant, did not sit in this cause.